**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**AFFORDABLE CARE, LLC**                                                                                   **PLAINTIFF**

**VS.**                                            **CIVIL ACTION NO. 1:21-cv-00085-TBM-RPM**

**RAELINE K. MCINTYRE, DMD**

**and**

**RAELINE K. MCINTYRE, DMD, P.C.**                                                       **DEFENDANTS**

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR APPLICATION TO CONFIRM ARBITRATION AWARD

COMES NOW Defendants, Raeline K. McIntyre, DMD ("Dr. McIntyre") and Raeline K. McIntyre, DMD, P.C. (the "Practice") (collectively "Defendants"), and file this their Memorandum in Support of their Application to Confirm Arbitration Award against Plaintiff, Affordable Care, LLC ("Affordable" or "Plaintiff"), and would show unto this Honorable Court the following:

### INTRODUCTION AND FACTUAL BACKGROUND

1.  Affordable and Defendants were parties to a Management Services Agreement (a contract), a copy of which is attached hereto as Exhibit "A" (hereinafter the "MSA"). Affordable admits that the MSA attached hereto is a true and accurate copy of such contract between the parties, as it attached a copy of the same to its Complaint [Dkt. 1] and its Motion to Vacate [Dkt. 16]. A dispute arose between Affordable and Defendants with respect to the MSA. The MSA contains an arbitration provision in Section VI(D). Affordable invoked the arbitration provision of the MSA as a means of resolving the dispute that arose between the parties by filing a Notice of Demand for Arbitration on November 1, 2019. Affordable was subsequently granted leave to

1

file an Amended Notice of Demand for Arbitration, and filed its Amended Notice of Demand for Arbitration on June 3, 2020.

Affordable and Defendants arbitrated the dispute, which included comprehensive discovery by both parties, to its conclusion, and the arbitrator executed his award on March 19, 2021, and then provided it to the American Arbitration Association, which then forwarded a copy to the parties on March 22, 2021. A copy of the Arbitration Award is attached hereto as Exhibit "B". The arbitration proceedings themselves spanned a period of time from November 1, 2019, until the award was delivered on March 22, 2021.

The arbitration award found for Defendants as to all seventeen (17) counts contained in Affordable's Amended Notice of Demand for Arbitration, and awarded Defendants attorneys' fees and expenses in excess of Four Hundred Thousand Dollars ($400,000.00). The parties agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration. This agreement is contained within the contract that was the subject of the dispute, specifically in the Arbitration Clause, where it provides that "will be settled by arbitration in Raleigh, North Carolina in accordance with the then existing rules of the American Arbitration Association applicable to commercial arbitration." *See* Exh. A, Section VI (D).

## **LAW**

The parties hereto consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction, because the arbitration clause contained within the MSA provided that the parties would proceed under the then-existing rules of the American Arbitration Association, and "[w]hen an organization's arbitration rules are incorporated into the underlying agreement, those rules are treated the same as any other contractual provision." *Vantage Deepwater Co*. at 373 (citing *C & L Enters., Inc. v. Citizen Band Potawatomi Indian*

*Tribe of Okla.*, 532 U.S. 411, 419 n.1, (2001)). "We seek to 'give effect to the intent of the parties,' including to any contractual limitations." *Id.* (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010)). Rule 52(c) of the Commercial Arbitration Rules and Mediation Procedures of the American Arbitration Association provides that "[p]arties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." *See* Rule 52(c), Commercial Arbitration Rules and Mediation Procedures of the American Arbitration Association, attached hereto as Exhibit "C".

"Judicial review of arbitration awards is severely limited. A court may not review the merits of an award—it must accept the facts found by the arbitrator and the arbitrator's interpretation of the contract and applicable law." *Manville Forest Prod. Corp. v. United Paperworkers Int'l Union, AFL-CIO*, 831 F.2d 72, 74 (5th Cir. 1987) (citing *W.R. Grace and Co. v. Local Union 759*, 461 U.S. 757(1983)). The Fifth Circuit has held, with respect to circuit courts of appeal, "[r]eview of the underlying arbitral award is "exceedingly deferential". *Vantage Deepwater Co. v. Petrobras Am., Inc.*, 966 F.3d 361, 368 (5th Cir. 2020).

"The courts have, however, placed some limits on arbitrators' power. An arbitration award will not be enforced if it stems from fraud or partiality; if it concerns a matter not subject to arbitration under the contract; if it does not 'dra[w] its essence' from the contract; or if it violates public policy." *Manville* at 74 (quoting *W.R. Grace*, 461 U.S. at 764–65); *Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597 (1960). "Even while conducting these inquiries, the courts are bound to interpret the arbitrator's award and the contract broadly so as to uphold the award." *Id.* (citing *Enterprise Wheel & Car Corp.*, 363 U.S. at 598 ("[a] mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a

3

reason for refusing to enforce the award"); *International Ass'n of Machinists v. Texas Steel Co.*, 538 F.2d 1116, 1121 (5th Cir.1976) ("[t]he 'essence' standard is to be interpreted expansively, so as to uphold the award, rather than restrictively")). "An award draws its 'essence' from the collective bargaining agreement so long as it is 'rationally inferable' in 'some logical way' from that agreement. *Id.* (quoting *International Chemical Workers Union v. Day & Zimmermann, Inc.*, 791 F.2d 366, 369 (5th Cir. 1986)). Furthermore, "mistakes of law or fact are not grounds for denying confirmation." *Vantage Deepwater Co*. at 372.

Moreover, and with respect to fraud, "[c]ourts apply a three-prong test to determine whether an arbitration award is so affected by fraud: (1) the movant must establish the fraud by clear and convincing evidence; (2) the fraud must not have been discoverable upon the exercise of due diligence before or during the arbitration; and (3) the person challenging the award must show that the fraud materially related to an issue in the arbitration." *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 306–07 (5th Cir. 2004) (internal citations omitted). While "[i]t is not necessary to establish that the result of the arbitration would have been different if the fraud had not occurred," courts have held "that an arbitration award is not fraudulently obtained when the protesting party had an opportunity to rebut his opponent's claims at the hearing." *Id.*

Regarding evident partiality, the Fifth Circuit has held: "[t]o establish evident partiality based on actual bias, the party urging vacatur must produce specific facts from which 'a reasonable person would have to conclude that the arbitrator was partial to one party.'" *Householder Grp. v. Caughran,* 354 F. App'x 848, 852 (5th Cir. 2009) (citations and internal quotations omitted). "This is an 'onerous burden,' because the urging party must demonstrate that the alleged partiality is 'direct, definite, and capable of demonstration rather than remote, uncertain or speculative.'" *Id.*

Finally, in *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.,* the United States Supreme Court held that Cortez raised the issue "whether the venue provisions of the Federal Arbitration Act (FAA or Act), 9 U.S.C. §§ 9–11, are restrictive, allowing a motion to confirm, vacate, or modify an arbitration award to be brought only in the district in which the award was made, or are permissive, permitting such a motion either where the award was made or in any district proper under the general venue statute." 529 U.S. 193, 195 (2000). In answering the question, the Court stated "[w]e hold the FAA provisions permissive." *Id.*

## **ANALYSIS**

At first glance, it would be reasonable for this Court to question why Affordable chose to proceed in this venue, given that the arbitration award at issue was rendered in Raleigh, North Carolina. Defendants initially had the same question, but recognize that venue is proper in this Honorable Court, and desire to proceed here as well.

The Court's role in this case is limited. Specifically, this Honorable Court is required to confirm the arbitration award at issue in this case, absent fraud or partiality, which, as the Fifth Circuit has held, is an extremely onerous burden. To be sure, Affordable filed a procedurally improper complaint to vacate the arbitration award in this case, and then, after apparently recognizing the error of its ways, filed a motion to vacate the award. It complains at length about the arbitrator, counsel for Defendants, and the arbitration process generally, but in no way provides the requisite proof necessary to actually vacate the award. *See* [Dkts. 1, 16]. Defendants will address more thoroughly the standards required to vacate the award in their Response to Affordable's Motion to Vacate [Dkt. 16], but for purposes of this Application, it is appropriate to say that not only has Affordable not met its burden to vacate the arbitration award at issue, but it cannot – under any set of circumstances – ever meet such a burden. Affordable's complaints are

nothing more than malignant, unfounded, and frivolous assertions by a party that lost <u>in an arbitration proceeding that it initiated</u>. It is ironic that Affordable bemoans the fact that it was assessed in excess of Four Hundred Thousand Dollars ($400,000.00) in fees and expenses, clearly, as the arbitrator's 115-page opinion sets out, because of the same type of conduct that Affordable is engaging in before this Court. Accordingly, this Court should enter judgment on the arbitration award attached hereto as Exhibit "B", confirming the same, such that the judgment confirming the arbitration award may be executed upon by Defendants to the greatest extent provided by law.

WHEREFORE, PREMISES CONSIDERED, Defendants, Raeline K. McIntyre, DMD ("Dr. McIntyre") and Raeline K. McIntyre, DMD, P.C., pray that this Honorable Court enter judgment on the arbitration award attached hereto as Exhibit "B", confirming the same, such that the judgment confirming the arbitration award may be executed upon by Defendants to the greatest extent provided by law.

Respectfully submitted, this the 18th day of June, 2021.

                RAELINE K. MCINTYRE, DMD AND
                RAELINE K. MCINTYRE, DMD, P.C.

                BY: BALCH & BINGHAM LLP

                BY: */s/ K.C. Hightower*
                   Of Counsel

K.C. Hightower (MSB# 101246)
Katie Hood (MSB# 104659)
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228) 864-9900
Facsimile: (228) 864-8221
kchightower@balch.com
khood@balch.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 18th day of June, 2021, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which delivered a copy of the same to all counsel of record who have properly registered with the ECF system.

*s/ K.C. Hightower*
Of Counsel