# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| AFFORDABLE CARE, LLC, | ) |
| Plaintiff, | ) CASE NO. 1:21-cv-85-TBM-RPM |
| versus | ) JUDGE TAYLOR MCNEEL |
| RAELINE K. MCINTYRE, DMD | ) |
| and | ) |
| RAELINE K. MCINTYRE, DMD, P.C., | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF RESPONSE TO DEFENDANTS' APPLICATION TO CONFIRM ARBITRATION AWARD

Plaintiff, AFFORDABLE CARE, LLC, ("Plaintiff" or "Affordable"), filed its Motion for and Order vacating the Final Decision and Award and Memorandum in Support on June 17, 20201. [R. Doc. 16 and 18]. Affordable now opposes Defendants' subsequently filed and competing Application to Confirm the Arbitration Award [R. Doc. 20]. The reasons that the Arbitration Award should not be confirmed are largely overlapping with the reasons that the Arbitration Award should be vacated. Accordingly, Affordable incorporates as if copied herein *in extensio* its Memorandum in Support of its Motion to Vacate [R. Doc.18] below. However, a few specific points from Defendants' Application to Confirm must be addressed.

As Defendants themselves admit, "An arbitration award will not be enforced if it stems from fraud or partiality; if it concerns a matter not subject to arbitration under the contract; if it does not 'dra[w] its essence' from the contract; or if it violates public policy." [R. Doc. 21, p. 3]. As outlined more thoroughly Affordable's Memorandum in Support of its Motion to Vacate [R. Doc.18], all of these circumstances exist here, but the fraud/partiality ground for non-enforcement requires particular attention.

The corrupt award stemmed from the hidden relationship between the Arbitator, Charles Holton, and Defendants' counsel in the arbitration, Paul Sun of law firm Ellis & Winters LLP (the "Winters Firm"). The arbitrator's partiality is "direct, definite, and capable of demonstration," as Defendants put it. [R. Doc. 21, p. 4]. Their relationship is not simply one of co-professors, which itself should have been disclosed and is a close enough relationship to demonstrate bias, but one of attorney-client—a venerated, protected, and close relationship. Sun and his firm represent Duke University *and its faculty members*, which includes arbitrator Holton. Neither Sun nor Holton disclosed the nature and extent of their relationship.

Defendants argue that Affordable failed to provide the "requisite proof" necessary to vacate the arbitration award. [R. Doc. 21, p. 5]. This, to quote Defendants again, is "ironic" [R. Doc. 21, p. 6] because Defendants themselves are attempting to thwart Affordable from receiving more proof of the arbitrator's bias by opposing Affordable's Motion to Conduct Limited Discovery [R. Doc. 17]. Defendants note that the arbitration "included comprehensive discovery by both parties" [R. Doc. 21, p. 2]; however, none of that discovery related to the bias of the arbitrator or the relationship between the Arbitrator and Sun, which was undisclosed and not discovered until after the arbitration hearing concluded. The full extent of the relationship between the Arbitrator and Sun remains unknown and will remain veiled unless Affordable is permitted to conduct discovery in this matter. See Affordable's pending Motion to Conduct Limited Discovery [R. Doc. 17].

Despite Defendants' attempts to thwart Affordable from learning the full extent of the Arbitrator and Sun's relationship, Affordable has been able to discover the following evidence of the Arbitrator's partiality, none of which was disclosed to Affordable when Sun made his late appearance in the arbitration, and all of which is more than requisite to demonstrate the Arbitrator's partiality and bias:

- Holton is now a full-time law professor at Duke University School of Law ("Duke Law"). Sun is also a faculty member at Duke Law.

- Holton is the Director of Duke Law School's Civil Justice Clinic, which is partnered with the Legal Aid of North Carolina. Holton is the former chair of the board of directors for Legal Aid of North Carolina. The Winters Firm (Sun is a founding partner in the 34-person firm) touts its involvement in the Legal Aid of North Carolina as one of its seven firm pro bono activities.

- Holton represented Duke University in many lawsuits from 1983 through 2005. Paul Sun and the Winters Firm took over representation of Duke University following Holton's long representation. Sun and the Winters Firm's representation of Duke University, extends to its professors. [See R. Doc. 18 at P20 ¶2, and N.C. Rules Prof. Conduct 1.13].

- Within about one month of Holton becoming the arbitrator for this matter, Defendants retained Sun as additional counsel. This late retention of Sun is even more suspicious because it came more than ten months into the arbitration proceeding, after the close of discovery, and just seven weeks before the scheduled arbitration hearing;

- Despite Sun only having been involved in the arbitration for eight days and only having billed 7.7 hours, Defendants refused to participate in the long-scheduled arbitration hearing without him. Amazingly, Arbitrator Holton granted the late request for a continuance.

- Arbitrator Holton's supplemental disclosure of his conflict failed to include any details regarding his relationship with Sun over the past 10 years.

- Arbitrator Holton acted outside the scope of his powers in favor of Defendants by awarding attorneys' fees—despite no counterclaims having been asserted;

In light of all this, "a reasonable person would have to conclude that the arbitrator was partial to" Defendants. [R. Doc. 21, p.4].

3

Defendants reference "the type of conduct that Affordable is engaging in" [R. Doc. 21, p. 6], but it is Defendants' own conduct that necessitates vacatur of the arbitration award. As detailed above, after arbitrator Holton took over this arbitration, Defendants went out and found additional counsel with a close relationship with Holton. Why else would they have waited until seven weeks before the arbitration hearing to retain Sun and the Winters firm, retaining them just one month after Holton signed on? Defendants refused to continue with the arbitration until their inside man was able to participate. None of their close connections were disclosed to Affordable prior to the arbitration. It was Defendants' own clandestine plot to give themselves an edge in the arbitration, which unfortunately succeeded, that necessitated Affordable's Motion seeking to vacate the arbitration award.

Defendants were well aware of Affordable's evidence and allegations regarding the conflict of interest and fraud prior to the filing of the Application to Confirm the Arbitration Award [R. Doc. 20]. Incredibly, the Application to Confirm the Arbitration Award does not address Holton's relationship to Sun or the Winters Firm. The Application to Confirm the Arbitration Award does not even include references to Holton, Sun or the Winters Firms. If a conflict did not exist, one would expect Defendants and their North Carolina counsel to affirmatively set forth those facts rebutting Affordable's allegations. The complete absence of any rebuttal, or even recognition of the appearance of impropriety, is a strong indicator that Defendants knowingly partook in the fraud and hope to avoid this Court's review of their actions.

For these reasons and those stated more thoroughly in Affordable's Memorandum in Support of its Motion to Vacate [R. Doc.18], which is incorporated herein, Affordable requests that Defendants' Application to Confirm the Arbitration Award be denied, that the Arbitration Award be vacated, that the matter be remanded to the American Arbitration Association for Hearing on

Affordable's damages, that Affordable be awarded its costs incurred in this matter, and for all other legal and equitable relief which may be available.

Respectfully submitted,

*/s/ Meredith A. Mayberry*
MEREDITH A. MAYBERRY (MB #101796)
LEWIS BRISBOIS BISGAARD & SMITH LLP
400 Poydras Street, Suite 1300
New Orleans, Louisiana 70130
Telephone: 504-302-4100
Facsimile: 504-754-7569
Email: meredith.mayberry@lewisbrisbois.com

and

STEPHEN B. SIMPSON
PURVIS & CO. PLLC
14110 Airport Rd, Suite A
Gulfport, MS 39503
Telephone: (228) 206-7174
Facsimile: (601) 510-7794
Email: ssimpson@purviscolaw.com

**Attorneys for Affordable Care, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon counsel of record for all parties by email transmission, the CM-ECF system, and/or First Class U.S. Mail, postage paid, this 2nd day of July, 2021.

*/s/ Meredith A. Mayberry*
Meredith A. Mayberry