IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**AFFORDABLE CARE, LLC**                                                                    **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO. 1:21-cv-00085-TBM-RPM**

**RAELINE K. MCINTYRE, DMD**

**and**

**RAELINE K. MCINTYRE, DMD, P.C.**                                              **DEFENDANTS**

### DEFENDANTS' MEMORANDUM IN SUPPORT OF
### MOTION FOR RULE 11 SANCTIONS

COMES NOW Defendants, Raeline K. McIntyre, DMD ("Dr. McIntyre") and Raeline K. McIntyre, DMD, P.C. (the "Practice") (collectively "Defendants"), and file this their Memorandum in Support of their Motion for Rule 11 Sanctions (hereinafter the "Motion") against Plaintiff, Affordable Care, LLC ("Affordable" or "Plaintiff"), and would show unto this Honorable Court the following:

### BACKGROUND

Affordable and Defendants were parties to a Management Services Agreement (a contract), a copy of which is attached hereto as Exhibit "A" (hereinafter the "MSA"). Affordable admits that the MSA attached hereto is a true and accurate copy of such contract between the parties, as it attached a copy of the same to its Complaint [Dkt. 1] and its Motion to Vacate [Dkt. 16]. A dispute arose between Affordable and Defendants with respect to the MSA. The MSA contains an arbitration provision in Section VI(D). Affordable invoked the arbitration provision of the MSA as a means of resolving the dispute that arose between the parties by filing a Notice of Demand for Arbitration on November 1, 2019. Affordable was subsequently granted leave to file

10461804.1

an Amended Notice of Demand for Arbitration, and filed its Amended Notice of Demand for Arbitration on June 3, 2020.

Affordable and Defendants arbitrated the dispute, which included comprehensive discovery by both parties, to its conclusion, and the arbitrator executed his award on March 19, 2021, and then provided it to the American Arbitration Association, which then forwarded a copy to the parties on March 22, 2021. A copy of the Arbitration Award is attached hereto as Exhibit "B". The arbitration proceedings themselves spanned a period of time from November 1, 2019, until the award was delivered on March 22, 2021.

The arbitration award found for Defendants as to all seventeen (17) counts contained in Affordable's Amended Notice of Demand for Arbitration, and awarded Defendants attorneys' fees and expenses in excess of Four Hundred Thousand Dollars ($400,000.00). The parties agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration. This agreement is contained within the contract that was the subject of the dispute, specifically in the Arbitration Clause, where it provides that "will be settled by arbitration in Raleigh, North Carolina in accordance with the then existing rules of the American Arbitration Association applicable to commercial arbitration." *See* Exh. A, Section VI (D).

On June 17, 2021, Affordable filed its Motion to Vacate the Arbitration Award [Dkt. 16]. It is noteworthy that while, for purposes of the Federal Arbitration Act, venue is considered permissive, Affordable chose to file in this forum, rather than the United States District Court for the Eastern District of North Carolina where the arbitration took place. More troubling, however, are the facts that Affordable's Motion to Vacate the Arbitration Award has clearly been interposed for the purpose of delay, and is laden with malicious statements about the arbitrator and counsel for Defendants that are offered without any support. Affordable is a losing party lashing out

irresponsibly in an effort to postpone the inevitable – payment of Defendants' substantial fees and expenses. Among the examples of Affordable's bad conduct are the following:

1. Its initiation of a civil action by way of Complaint, rather than by Motion to Vacate, in clear contravention of a statute, in an effort to "re-try" an arbitration that it lost after a full and complete hearing on the merits;

2. Its filing of a Motion to Conduct Limited Discovery in a clear effort to increase the cost associated with this litigation;

3. Its assertion that the arbitrator, Mr. Charles Holton, a practicing lawyer and law professor at Duke University School of Law, is corrupt;

4. Its assertion that one of Defendants' lawyers, Mr. Paul Sun, took advantage of an <u>attorney-client</u> <u>relationship</u> with the arbitrator, despite their being no such relationship;

5. Its assertion that Mr. Holton and Mr. Sun, knowing of this "attorney-client relationship", intentionally omitted this information from the arbitrator's disclosure;

6. Its assertion that Defendants' Gulfport-based lawyers knew of this "attorney-client relationship", and took advantage of it when they hired Mr. Sun as local counsel in North Carolina;

7. Its assertion that Mr. Holton was so corrupt that he continued the arbitration to provide Mr. Sun and Defendants an unfair advantage, rather than being continued because Mr. Sun, while riding his bicycle, was hit by a drunk driver operating an automobile and suffered serious injuries, placing him in intensive care for an extended period of time; and

8. Its assertion, *verbatim*, in its Memorandum in Support of its Motion to Vacate:

> **Upon learning of the conflict, Affordable asked the American Arbitration Association whether it had a process to review the**

10461804.1

> **Arbitrator's conflict in this matter. (Dec. Twilla at ¶57). The American Arbitration Association verified that neither the Arbitrator nor the Winters Firm disclosed their connections during the Arbitration, but the American Arbitration Association does not have a process to review conflicts after a final decision has been issued. (Dec. Twilla at ¶57).**

*See* Affordable's Memorandum in Support of Motion to Vacate [Dkt. 18], p. 14 (emphasis added). This allegation suggests that the American Arbitration Association (the "AAA") actually determined that there was some impermissible relationship, but it was without power to do anything about it. Affordable does so by merely citing a conclusory statement contained within a declaration by Karol Twilla, who was Affordable's corporate designee during the arbitration.

Because statements by Affordable made within its Motion to Vacate do not comply with Rule 11 of the Federal Rules of Civil Procedure, particularly to the extent that they maliciously and grossly malign opposing counsel, and expressly state that the arbitrator is "corrupt", Affordable should be sanctioned for placing such spurious, malicious, and frivolous claims and assertions before this Court and in the public record.

## LAW AND ANALYSIS

Rule 11 of the Federal Rules of Civil Procedure provides that every attorney who presents a pleading or other filed paper to the court certifies that, to the best of that attorney's "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law." FED. R. CIV. P. 11(b)(2). By signing, filing, or advocating a particular motion or paper, the attorney is certifying that he or she (1) has conducted a reasonable inquiry into the facts which support the document; (2) has conducted a reasonable inquiry into the law supporting the document; and (3) certifies to

10461804.1

the best of his or her knowledge that the paper was not filed for an improper purpose such as delay, harassment, or increasing the costs of litigation. *See Thomas v. Capital Sec. Serv., Inc*., 836 F.2d 866, 873-74 (5th Cir. 1988) (emphasis added).

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus ... streamline the administration and procedure of the federal courts." *Shippitsa Ltd. v. Slack,* No. 3:18-CV-1036-D, 2019 WL 277613, at *7 (N.D. Tex. Jan. 22, 2019), reconsideration denied, No. 3:18-CV-1036-D, 2019 WL 2372687 (N.D. Tex. June 5, 2019). The "court applies a 'snapshot' rule: looking "at the time of the filing, whether the position advocated is unwarranted." *Id*.

In a recent case from the United States District Court for the Northern District of Alabama, a party was sanctioned for filing a baseless and unfounded motion to vacate an arbitration award. In *Hill v. CAG2 of Tuscaloosa, LLC*, the Court found as follows:

> In 2006, the Eleventh Circuit provided "notice and warning" that sanctions may result when losing parties assert unfounded challenges to arbitration awards. *See B.L. Harbert Int'l, LLC v. Hercules Steel Co*., 441 F.3d 905, 913−14 (11th Cir. 2006) (citation omitted). In *Hercules Steel*, the Eleventh Circuit made clear that it was "exasperated by those who attempt to salvage arbitration losses through litigation that has no sound basis in the law applicable to arbitration awards" and that these sanctions are grounded in "the purposes of the FAA and to protect arbitration as a remedy." 441 F.3d at 914. The Eleventh Circuit has consistently held that these sanctions can be awarded in appropriate situations. *See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1275 (11th Cir. 2015); *see also Inversiones y Procesadora Tropical INPROTSA, S.A. v. Del Monte Int'l GmbH*, 783 F. App'x 972, 974 (11th Cir. 2019) (affirming an award of sanctions following a motion to vacate an arbitration award which "attacked the award in court without any real legal basis for doing so"); *World Bus. Paradise, Inc. v. Suntrust Bank*, 403 F. App'x 468, 471 (11th Cir. 2010).

*Hill v. CAG2 of Tuscaloosa, LLC*, 7:19-cv-02044-LSC, 2020 WL 3207615, at *3 (N.D. Ala. June 15, 2020). In *Hill*, Judge Coogler went on to award sanctions against the party seeking to vacate an arbitration award, and ordered the non-movant to submit an itemization of work performed in defending against the unfounded motion to vacate. Judge Coogler ultimately imposed sanctions

5

in amount equal to what appears to have been the non-movant's counsel's work in defending against the unfounded motion to vacate. *See id,* [Dkts. 16, 17].

The basis for Defendants' assertions as to why Affordable's Motion to Vacate should be denied, Dr. McIntyre and her Practice's Motion to Confirm should be granted, and Affordable should ultimately be sanctioned, is set forth not only in its Application to Confirm the Arbitration Award [Dkt. 20], but as well as in its Response to Affordable's Motion to Vacate the Arbitration Award [Dkt. 28], and bears not repeating here. So that the record is complete, Defendants incorporate their previously-filed legal analysis for all relevant purposes herein.

Among the statements that Affordable has placed into the public record in this case are those referenced above as 3 through 8. Problematically, a review of Affordable's filings reflects that those assertions are just that – assertions. Affordable has also filed voluminous material in this matter that is wholly irrelevant, such as newspaper articles and filings in other cases, but offered nothing material to support its very serious allegations. In so doing, Affordable failed to conduct a reasonable inquiry into the alleged facts contained within their Motion to Vacate, and also failed to conduct a reasonable inquiry into the law supporting such Motion to Vacate, despite having certified to this Court that, to the best of their knowledge, that the Motion to Vacate was not filed for an improper purpose such as delay, harassment, or increasing the costs of litigation. Clearly, Affordable lobbed its Motion to Vacate into the public domain in an effort to delay the inevitable, and to harass Dr. McIntyre and her Practice by increasing the cost of litigation to Defendants.

Suffice it to say, Affordable's efforts are strikingly similar to Carlock's (the sanctioned party) in *Hill*, and for the same reasons set forth in Judge Coogler's opinion, Affordable should be sanctioned by this Court in an amount to be determined upon the submission of counsel's fees and

6

expenses associated with the defense of Affordable's meritless, and indeed frivolous, Motion to Vacate the Arbitration Award.

WHEREFORE, PREMISES CONSIDERED, Defendants, Dr. Raeline K. McIntyre and Dr. Raeline K. McIntyre, DMD, P.C., pray that this Honorable Court, finding Affordable's Motion to Vacate the Arbitration Award to be frivolous, denies it, and then sanctions Affordable Care, LLC, and award Defendants' recovery of their attorneys' fees and costs associated with the defense of Affordable's Complaint, Motion to Vacate, and Motion to Conduct Limited Discovery to the greatest extent provided for by law.

This memorandum was served upon counsel of record for Affordable Care, LLC on July 7, 2021, but was not filed with the Clerk pursuant to Fed. R. Civ. P. 11(c)(2).

Respectfully submitted, this the 2nd day of August, 2021.

        **RAELINE K. MCINTYRE, DMD AND RAELINE K. MCINTYRE, DMD, P.C.**

        BY:   BALCH & BINGHAM LLP

        BY:   */s/ K.C. Hightower*_____
                Of Counsel

K.C. Hightower (MSB# 101246)
Katie Hood (MSB# 104659)
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228) 864-9900
Facsimile: (228) 864-8221
kchightower@balch.com
khood@balch.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically served the below named individuals the foregoing document, by filing the same with the ECF system. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, I served a copy of the foregoing document via email upon the same below identified persons on July 7, 2021, but did not file a copy of the same with the Court. More than 21 days has passed since service upon the below named individuals of the foregoing document, and Affordable Care, LLC has neither withdrawn its Motion to Vacate nor Dismissed its Complaint in the present action, and thus, the undersigned believes in good faith that the filing of the present memorandum is timely and proper.

Meredith Mayberry, Esq.
Meredith.Mayberry@lewisbrisbois.com

David A. Campbell, Esq.
David.A.Campbell@lewisbrisbois.com

Nancy A. Cundiff, Esq.
Nancy.Cundiff@lewisbrisbois.com

Caroline J. Sanches, Esq.
Caroline.Sanches@lewisbrisbois.com

This the 2nd day of August, 2021.

*/s/ K.C. Hightower*
Of Counsel