# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**AFFORDABLE CARE, LLC**                                                                 **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 1:21-cv-85-TBM-RPM**

**RAELINE K. McINTYRE, DMD** *and*
**RAELINE K. McINTYRE, DMD, P.C.**                                                  **DEFENDANTS**

## ORDER DENYING MOTION TO STAY EXECUTION OF JUDGMENT PENDING APPEAL AND FIXING BOND AMOUNT

BEFORE THE COURT is Affordable Care, LLC's Motion [47] to Stay Execution of the Judgment and to Fix Bond Amount. For the following reasons, the Court finds that the Motion should be denied.

After losing in arbitration, Affordable Care sought to set aside the arbitration award. The Court denied Affordable Care's motion to vacate the award and granted Defendants' motion to confirm the award. [44] at 33. The Court entered a Final Judgment [45] on March 31, 2022, in favor of Defendants in the amount of $393,598.75, with post-judgment interest accruing at the North Carolina legal rate of 8% per annum until the judgment is paid in full. Affordable Care filed a Notice [46] of Appeal on April 22, 2022. Affordable Care requests the Court stay execution of the Final Judgment pending resolution of the appeal and further requests that the Court set a supersedeas bond at $393,598.75, which is the amount of the final judgment excluding post-judgment interest. Defendants object to the amount of the supersedeas bond, since Affordable Care's requested amount excludes post-judgment interest—which was specifically included in the arbitration award—and reasonable costs of appeal. [50] at 2.

Federal Rule of Civil Procedure 62(b) provides that:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

FED. R. CIV. P. 62(b). The purpose of a supersedeas bond is to "preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir. 1979).

"Generally, the bonded amount equals the full amount of the judgment." *United States v. Stanley*, 5:11-cv-117 (DCB) (MTP), 2013 WL 6330505, at *2 (S.D. Miss. Dec. 5, 2013) (citing *Poplar Grove*, 600 F.2d at 1191). "Ordinarily, such a bond includes the whole amount of the judgment, costs, interest, and other amounts unless the court finds good cause for fixing a different amount for the bond or having the judgment debtor furnish alternative security." *Id.* at 2, n.1. *See Interstate Fire & Cas. Co. v. Catholic Diocese of El Paso*, EP-12-CV-00221-DCG, 2014 WL 12479411, at *2 (W.D. Tex. Dec. 1, 2014) (finding that judgment debtor is entitled to a supersedeas stay only if it can post a supersedeas bond in the amount of the judgment, "plus post-judgment interest anticipated to accrue during the course of the appeal"); *Halliburton Energy Servs., Inc. v. NL Indus.*, Civ. Act. Nos. H-05-4160, H-06-3504, 2008 WL 2787247, at *1 (S.D. Tex. July 16, 2008) (citing *Poplar Grove*, 600 F.2d at 1191) (noting that while Rule 62(d) does not precisely define the "amounts and conditions of a supersedeas bond" like its predecessor of Rule 74(c), the Fifth Circuit has read it consistently with the earlier rule). "However, the district court has inherent discretionary authority to set the amount of the bond." *Stanley*, 2013 WL 6330505, at *2 (citing *Poplar Grove*, 600 F.2d at 1191).

"It is the judgment debtor's burden to demonstrate that posting a full bond is impossible or impractical; similarly, it is the moving party's duty to propose a plan that will provide adequate (or as adequate as possible) security for the judgment creditor." *Stanley*, 2013 WL 6330505, at *2 (citing *Poplar Grove*, 600 F.2d at 1191). "If a court chooses to depart from the usual requirement of a full security supersedeas bond," the burden is on the moving party to "objectively demonstrate" that posting a full bond would impose an undue financial burden. *Preston Wood & Assoc., LLC v. Cameron Architects, Inc.*, Civ. Act. No. H-16-1427, 2019 WL 2904297, at *2 (S.D. Tex. Apr. 26, 2019) (quoting *Poplar Grove*, 600 F.2d at 1191). "Conclusory and self-serving evidence produced by the judgment debtor is insufficient to satisfy the judgment debtor's burden to objectively demonstrate an undue financial burden." *Preston Wood*, 2019 WL 2904297, at *2. "It is not the burden of the judgment creditor to initiate contrary proof." *Poplar Grove*, 600 F.2d at 1191.

In determining whether to waive the usual requirement of the supersedeas bond, the Court may consider a number of relevant factors, such as "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the [debtor's] ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the [debtor] is in such a precarious financial situation that the requirement to post a bond would place other creditors [] in an insecure position." *Stanley*, 2013 WL 6330505, at *2 (quoting *Superior Derrick Serv's, LLC v. Lonestar 203*, Civ. Act. No. 6:09-0484, 2012 WL 4094513, at *2 (W.D. La. Sept. 17, 2012)).

Here, both the arbitration award and the Court's Final Judgment—clearly specified that post-judgment interest would accrue at the North Carolina legal rate of 8% per annum until the judgment is paid in full. *See* [16-38] at 115; [45]. So the amount of the judgment is $393,598.75 plus post-judgment interest. According to Defendants' calculations, post-judgment interest was $35,887.57 as of the date of filing, with an additional $25,880.47 of interest accruing through an estimated appeal period of ten months. [50] at 2. Defendants also request that the bond amount include the estimated costs of appeal, in the amount of $2,000, as provided in FED. R. APP. P. 7. *Id.* In sum, Defendants request that the Court set bond at an amount of $457,366.79, instead of the amount proposed by Affordable Care, $393,598.75, which excludes post-judgment interest and any costs associated with the appeal.

In its motion, Affordable Care provides no evidence or support for its request that "the Court set the bond amount at $393,598.75, or identify another amount or security to enable the execution of the Judgment to be stayed until the resolution of Affordable's appeal." [47] at 2. In its reply, Affordable Care makes the statement that "Defendants will be more than adequately protected if Affordable posts a bond equaling the amount of the full judgment." [51] at 1. Affordable Care argues that the Defendants have "made no showing or argument that Affordable is anything other than financially solvent or that they will not be adequately protected pending resolution of the appeal by the bond amount suggested by Affordable." *Id.* Finally, Affordable Care makes the conclusory statement that its "financial solvency is secure and beyond question." *Id.* at 2.

The Court rejects Affordable Care's proposal for two reasons. First, Affordable Care fails to submit evidence to justify a departure from the usual requirement of a full security supersedeas

bond in order to stay execution of the judgment. Affordable Care offered no evidence in support of its conclusion that its "financial solvency is secure and beyond question." *See Stanley*, 2013 WL 6330505, at *2 (holding that defendant failed to show that approval of a bond less than the full judgment amount would protect the plaintiff's interests where defendant failed to produce any evidence as to his present financial condition); *Bollore, S.A. v. Import Warehouse, Inc.*, No. 3-99-cv-1196-R, 2004 WL 1873069, at *1 (N.D. Tex. Aug. 19, 2004) (rejecting defendant's request to reduce bond where defendant did not produce any evidence such as audited financial statements and net worth information to demonstrate hardship). Second, the burden is not on the Defendants to show that Affordable Care is not financially solvent. *See Poplar Grove*, 600 F.2d at 1191. Rather, the burden is on Affordable Care to "propose a plan that will provide adequate (or as adequate as possible) security for the judgment creditor." *Stanley*, 2013 WL 6330505, at *2 (citing *Poplar Grove*, 600 F.2d at 1191). And Affordable Care's "[c]onclusory and self-serving" statement that its "financial solvency is secure and beyond question" is insufficient to satisfy that burden. *Preston Wood*, 2019 WL 2904297, at *2; [51] at 2. Therefore, Affordable Care has not sufficiently demonstrated the need for a departure from the normal supersedeas bond requirement.

For the foregoing reasons, the Court denies Affordable Care's request to set the bond amount at $393,598.75 and to stay execution of judgment. However, Affordable Care is entitled to a supersedeas stay if it posts an amount sufficient to cover the entire amount of judgment—which here includes interest at the North Carolina rate of 8% per annum—and estimated costs of appeal. Therefore, the Court shall, in the event Affordable Care wishes to post a full supersedeas bond in the appropriate amount, grant a stay conditioned upon Affordable Care obtaining the bond. The Defendants have submitted their calculation of the full amount of the judgment plus costs, which

would set bond at $457,366.79. It is unclear whether Affordable Care disputes the Defendants' calculations for post-judgment interest and costs.

IT IS THEREFORE, ORDERED AND ADJUDGED that Affordable Care's Motion [47] to Stay Execution of the Judgment and to Fix the Bond Amount is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that, in the alternative, the Court shall grant a stay conditioned upon Affordable Care obtaining a full supersedeas bond in the amount of $393,598.75 plus post-judgment interest—as specified in the Final Judgment—and costs. The parties are ordered to confer to attempt to reach an agreement on the post-judgment interest calculation and costs.

THIS, the 29th day of July, 2022.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE